**Fill in this information to identify the case**

United States Bankruptcy Court for the

_____ District of _ Delaware _
                                 (State)

Case number (*If known*): _____  Chapter _ 11 _

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | CTI Arlington, LLC |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names, and *doing business as* names | CTI Foods |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 26-0406103 |

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 504    Sansom Blvd. <br> Number    Street | Number    Street |
| | P.O. Box |
| Saginaw    Texas    76179 <br> City    State    ZIP Code | City    State    ZIP Code |
| Tarrant <br> County | **Location of principal assets, if different from principal place of business** |
| | Number    Street |
| | City    State    ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | www.ctifoods.com |

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other.  Specify: _____

Debtor   CTI Arlington, LLC
         _____          _____
         Name                                        Case number (if known)

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax- entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
   http://www.uscourts.gov/four-digit-national-association-naics-codes.

   3119 (Other Food Manufacturing)

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement  of operations, cash-flow statement, and federal income tax return or if all of these  documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☒ A plan is being filed with this petition.

    ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the  Securities and Exchange Commission according to § 13 or 15(d) of the Securities  Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing  for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule  12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes   District _____   When _____   Case number _____
                                 MM/ DD/ YYYY
         District _____   When _____   Case number _____
                                 MM/ DD/ YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes   Debtor   See Schedule 1                     Relationship   See Schedule 1
         District   See Schedule 1                   When           See Schedule 1
         Case number, if known   _____   MM / DD/ YYYY

Debtor    CTI Arlington, LLC                                           Case number (if known)_____
            Name

**11. Why is the case filed in this district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

| Number | Street |
|--------|--------|

_____

| City | State | ZIP Code |
|------|-------|----------|

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact Name _____

Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☒ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| Debtor | CTI Arlington, LLC | Case number (if known) |
|---|---|---|
| | Name | |

| | Request for Relief, Declaration, and Signatures |

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

▪ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

▪ I have been authorized to file this petition on behalf of the debtor.

▪ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     March 11, 2019
                      MM/ DD /YYYY

✗     /s/ Kent Percy                              Kent Percy
       Signature of authorized representative of        Printed name
       debtor

       Chief Restructuring Officer
       Title

**18. Signature of attorney**

✗     /s/ M. Blake Cleary            Date    March 11, 2019
       Signature of attorney for debtor            MM / DD / YYYY

       M. Blake Cleary                              Matthew S. Barr
       Printed Name

       Young Conaway Stargatt & Taylor, LLP        Weil, Gotshal & Manges LLP
       Firm Name

       Rodney Square, 1000 North King Street       767 Fifth Avenue
       Address

       Wilmington, Delaware  19801                 New York, New York  10153
       City/State/Zip

       (302) 571-6600                              (212) 310-8000
       Contact Phone

       mbcleary@ycst.com                           matt.barr@weil.com
       Email Address

       3614              Delaware
       Bar Number        State

## Schedule 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.  The Debtors have filed a motion requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

| COMPANY |
| --- |
| Chef Holdings, Inc. |
| Chef Intermediate, Inc. |
| CTIF Holdings, Inc. |
| Chef Investment, LLC |
| CTI Foods Acquisition LLC |
| CTI Foods Holding Co., LLC |
| CTI Services Corporation |
| CTI Foods, LLC |
| CTI Arlington, LLC |
| CTI Saginaw I, LLC |
| CTI King of Prussia, LLC |
| CTI-SSI Food Services, LLC |
| S & S Foods LLC |
| Custom Food Products Holdings, LLC |
| Custom Food Products, LLC |
| Liguria Holdings, Inc. |
| Liguria Foods, Inc. |

**CERTIFICATE OF CORPORATE SECRETARY**
**OF**
**CHEF HOLDINGS, INC.**
**CHEF INTERMEDIATE, INC.**
**CTIF HOLDINGS, INC.**

March 11, 2019

I, Jonathon P. Spiller, being the duly elected and authorized Corporate Secretary of each of the entities referenced above, (each, a "**Company**"), hereby deliver this Certificate of Corporate Secretary on behalf of each Company and do hereby certify, in my capacity as a duly elected and authorized officer of each Company, that I have access to the corporate records of each Company; and

I further certify that attached hereto as <u>Exhibit A</u> is a true, correct, and complete copy of the resolutions duly adopted and approved by the Board of Directors of each Company on March 11, 2019, and that such resolutions (a) have not been amended, rescinded, or modified since their adoption and remain in full force and effect as of the date hereof, and (b) were adopted in accordance with the provisions of applicable law, each Company's certificate of incorporation and each Company's bylaws.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the 11th day of March, 2019.

Jonathon P. Spiller
Corporate Secretary

**RESOLUTIONS OF
THE BOARD OF DIRECTORS OF
CHEF HOLDINGS, INC.
CHEF INTERMEDIATE, INC.
CTIF HOLDINGS, INC.**

March 11, 2019

**WHEREAS**, the Board of Directors (the "**Board**") of each of the entities referenced above (each, a "**Company**," and collectively, the "**Companies**") has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of such Company regarding the liabilities and liquidity of such Company, the strategic alternatives available to it, and the impact of the foregoing on the Company' businesses; and

**WHEREAS**, the Board of each Company has had the opportunity to consult with the management and the legal and financial advisors of such Company to fully consider each of the strategic alternatives available to such Company; and

**WHEREAS**, the Board of each Company believes that taking the actions set forth below is in the best interests of the Company and, therefore, desires to approve the following resolutions.

I.    **Commencement of Chapter 11 Case**

**NOW, THEREFORE, BE IT RESOLVED**, that the Board of each Company has determined, after due consultation with the management and the legal and financial advisors of such Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and be it further

**RESOLVED**, that any manager, member, officer, or director of such Company (each, an "**Authorized Person**"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to execute and file in the name and on behalf of such Company, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and to take and perform any and all further acts and deeds which such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with such Company's chapter 11 case (each, a "**Chapter 11 Case**"), including negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and instruments in connection with the transactions and professional retentions set forth in this resolution, with a view to the successful prosecution of such Chapter 11 Case; and be it further

## II.    Retention of Advisors

**RESOLVED**, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, NY 10153, is hereby retained as attorneys for each Company in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that AlixPartners, LLC, located at 909 Third Avenue, New York, NY 10022, is hereby retained as financial advisor for each Company in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that Centerview Partners LLC, located at 31 West 52nd Street, 22nd Floor, New York, NY 10019, is hereby retained as investment banker for each Company in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that Young Conaway Stargatt & Taylor, LLP, located at 1000 North King Street, Wilmington, DE 19801, is hereby retained as attorneys for each Company in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that Prime Clerk LLC, located at 830 3rd Avenue, New York, NY 10022, is hereby retained as claims, noticing and solicitation agent for each Company in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

## III.    Debtor-in-Possession Financing

**RESOLVED**, that in connection with each Chapter 11 Case, it is in the best interest of each Company to engage in, and each Company will obtain benefits from, the lending transactions, under certain superpriority secured debtor-in-possession credit facilities in an aggregate principal amount of $155,000,000 consisting of (i) $75,000,000 to be evidenced by that certain Senior Secured Super Priority Debtor-in-Possession Term Loan Agreement (together with the Exhibits and Schedules annexed thereto, the "**DIP Term Loan Agreement**"), to be entered into by and among CTI Foods Holding Co., LLC ("**CTI Foods Holding**"), as borrower, the other Companies, as guarantors (the "**DIP Term Loan Guarantors**"), the lenders from time to time party thereto (the "**DIP Term Loan Lenders**"), and Cortland Capital Market Services LLC, as administrative agent and collateral agent for the DIP Term Loan Lenders (in such capacity, including any successor thereto, the "**DIP Term Loan Agent**") and (ii) $80,000,000 to be evidenced by that certain Senior Secured Super Priority Debtor-in-Possession Revolving Credit Agreement (together with the Exhibits and Schedules annexed thereto, the "**DIP ABL Credit Agreement**" and together with the DIP Term Loan Agreement, the "**DIP Credit Agreements**"), to be entered into by and among CTI Foods Holding and its subsidiary Companies, as borrowers (the "**DIP ABL Borrowers**"), the other Companies, as guarantors (the "**DIP ABL Guarantors**"), the lenders from time to time party thereto (the "**DIP ABL Lenders**" and together with the DIP Term Loan Lenders, the "**DIP Lenders**"), and Barclays Bank PLC, as administrative agent and collateral agent for the DIP ABL Lenders (in such capacity, including any successor thereto, the "**DIP ABL Agent**" and together with the DIP Term Loan Agent, the "**DIP Agents**"); in each case subject to approval by the Bankruptcy Court, which is necessary and appropriate to the conduct, promotion and attainment of the business of the Companies (the "**Debtor-in-Possession**

2

**Financing**"); and be it further

RESOLVED, that the form, terms, and provisions of each of (i) the DIP Credit Agreements, including the use of proceeds to provide liquidity for the Companies throughout the Chapter 11 Cases, substantially in the form presented to each Governing Body and (ii) any and all of the other agreements, including, without limitation, any guarantee and security agreement, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the Debtor-in-Possession Financing (together with the DIP Credit Agreements, collectively, the "**DIP Financing Documents**"), and each Company's performance of its obligations thereunder, including the borrowings, the grant of a security interest, and guarantees contemplated thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

RESOLVED, that any Authorized Person is hereby authorized, empowered, and directed, in the name and on behalf of each applicable Company to cause such Company to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the DIP Credit Agreements and any other DIP Financing Documents, in the name and on behalf of such Company under its corporate seal or otherwise, and such other documents, agreements, instruments and certificates as may be required by the DIP Agents or required by the DIP Credit Agreements and any other DIP Financing Documents; and be it further

RESOLVED, that each Company be, and hereby is, authorized to incur the obligations and to undertake any and all related transactions contemplated under the DIP Financing Documents, including the granting of security thereunder; and be it further

RESOLVED, that any Authorized Person is hereby authorized to grant security interests in, and liens on, any and all property of each applicable Company as collateral pursuant to the DIP Financing Documents to secure all of the obligations and liabilities of the Company thereunder to the DIP Lenders and the DIP Agents, and to authorize, execute, verify, file and/or deliver to the DIP Agents, on behalf of such Company, all agreements, documents, and instruments required by the DIP Lenders in connection with the foregoing; and be it further

RESOLVED, that any Authorized Person is hereby authorized, empowered, and directed, in the name and on behalf of each applicable Company to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Financing Documents, which shall, in such Authorized Person's sole judgment, be necessary, desirable, proper or advisable to perform such Company's obligations under or in connection with the DIP Credit Agreements or any of the other DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

RESOLVED, that any Authorized Person is hereby authorized, empowered, and directed, in the name and on behalf of each applicable Company to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreements and/or any of the DIP Financing Documents, which shall, in such Authorized Person's sole judgment, be necessary, desirable, proper or advisable; and be it further

IV.        **Exit Facility Financing**

   **RESOLVED**, that in connection with exiting the Chapter 11 Cases, it is in the best interest of each Company to engage in, and each Company will obtain benefits from, the guarantee of the lending transactions, under certain exit credit facilities in an aggregate principal amount of approximately $235,000,000 as described in (i) that certain Exit Facility Term Sheet ("the **Exit ABL Term Sheet**") annexed to that certain Restructuring Support Agreement entered into by each Company (the "**RSA**"), as authorized by each applicable Governing Body, on March 7, 2019, which will be evidenced by a certain credit agreement (together with the Exhibits and Schedules annexed thereto, the "**Exit ABL Credit Agreement**"), to be entered into by and among the DIP ABL Borrowers (in such capacity, the "**Exit ABL Borrowers**"), the guarantors party thereto, the lenders party thereto (the "**Exit ABL Lenders**"), and Barclays Bank PLC, in its capacity as administrative agent and collateral agent for the Exit ABL Lenders (in such capacity, including any successor thereto, the "**Exit ABL Administrative Agent**"), and (ii) that certain Exit Facility Term Sheet annexed to the RSA ("**Exit Term Loan Term Sheet**" and together with the Exit ABL Term Sheet, the "**Exit Term Sheets**"; capitalized terms used in this section with respect to exit facility financing and not otherwise defined herein shall have the meanings ascribed to such terms therein), which will be evidenced by a certain credit agreement (together with the Exhibits and Schedules annexed thereto, the "**Exit Term Loan Credit Agreement**"; and together with the Exit ABL Credit Agreement, the "**Exit Facility Credit Agreements**"), to be entered into by and among CTI Foods Holding (in such capacity, the "**Exit Term Loan Borrower**"), the guarantors party thereto, the lenders party thereto (the "**Exit Term Loan Lenders**"), and Cortland Capital Markets Services LLC in its capacity as administrative agent and collateral agent for the Exit Term Loan Lenders (in such capacity, including any successor thereto, the "**Exit Term Loan Administrative Agent**"; and together with the Exit ABL Administrative Agent, the "**Exit Administrative Agents**"); in each case subject to approval by the Bankruptcy Court, which is necessary and appropriate to the conduct, promotion and attainment of the business of the Companies (the "**Exit Financing**"); and be it further

   **RESOLVED**, that the form, terms and provisions of each of (i) the Exit Term Sheets, substantially in the form presented to each Governing Body and (ii) any and all of the other agreements, including, without limitation, the Exit Facility Credit Agreements, any guarantee and security agreement, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the Exit Financing (together with the Exit Facility Credit Agreements, collectively, the "**Exit Facility Financing Documents**") and each Company's performance of its obligations thereunder, including the grant of a security interest and the guarantees contemplated thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

   **RESOLVED**, that any Authorized Person is hereby authorized, empowered, and directed, in the name and on behalf of each applicable Company, to cause such Company to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the Exit Financing Documents to which it is a party, in the name and on behalf of the Company, under its corporate seal or otherwise, and such other documents, agreements, instruments and certificates as may be required by the Exit Administrative Agent or required by the Exit Facility Credit Agreements and any other Exit Financing Documents; and be it further

**RESOLVED**, that each Company be, and hereby is, authorized to incur the obligations and to undertake any and all related transactions contemplated under the Exit Financing Documents, including the granting of security thereunder; and be it further

**RESOLVED**, that any Authorized Person is hereby authorized to grant security interests in, and liens on, any and all property of each applicable Company as collateral pursuant to the Exit Financing Documents to secure all of the obligations and liabilities of the Company thereunder to the Exit Lenders and the Exit Administrative Agent, and to authorize, execute, verify, file and/or deliver to each Exit Administrative Agent, on behalf of the Company, all agreements, documents and instruments required by the Exit Lenders in connection with the foregoing; and be it further

**RESOLVED**, that any Authorized Person is hereby authorized, empowered, and directed, in the name and on behalf of each applicable Company, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the Exit Financing Documents, which shall, in such Authorized Person's sole judgment, be necessary, desirable, proper, or advisable to perform the Company's obligations under or in connection with the Exit Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

**RESOLVED**, that any Authorized Person is hereby authorized, empowered, and directed, in the name and on behalf of each applicable Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Exit Facility Credit Agreements and/or any of the Exit Facility Financing Documents which shall, in such Authorized Person's sole judgment, be necessary, desirable, proper or advisable; and be it further

## V.      General Authorization and Ratification

**RESOLVED**, that any Authorized Person, who may act without the joinder of any other Authorized Person, is hereby authorized, empowered, and directed, in the name and on behalf of each applicable Company, to cause such Company to enter into, execute, deliver, certify, file and/or record, and perform, such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions that in the judgment of any Authorized Person, who may act without the joinder of any other Authorized Person, shall be or become necessary, proper, or desirable in connection with the Chapter 11 Cases; and be it further

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Person in the name and on behalf of the applicable Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects as the acts and deeds of such Company; and be it further

**RESOLVED**, that the Secretary of each Company is authorized to place a copy of this consent in the official records of each Company to document the actions set forth herein as actions taken by the Board.

**ACTION BY**
**WRITTEN CONSENT OF**
**THE GOVERNING BODIES OF**

CHEF INVESTMENT, LLC
CTI FOODS ACQUISITION LLC
CTI FOODS HOLDING CO., LLC
CTI SERVICES CORPORATION
CTI FOODS, LLC
CTI ARLINGTON, LLC
CTI SAGINAW I, LLC
CTI KING OF PRUSSIA, LLC
CTI-SSI FOOD SERVICES, LLC
S & S FOODS LLC
CUSTOM FOOD PRODUCTS HOLDINGS, LLC
CUSTOM FOOD PRODUCTS, LLC
LIGURIA HOLDINGS, INC.
LIGURIA FOODS, INC.

March 11, 2019

The required member of the board of directors, the sole member, the managing member, or the sole manager, as the case may be (as applicable, the "**Governing Body**"), of each of the entities referenced above (each, a "**Company**," and collectively, the "**Companies**"), do hereby consent to, adopt, and approve, by written consent in accordance with, as applicable, Section 141(f) of the Delaware General Corporation Law, Section 18-302(d) of the Delaware Limited Liability Company Act, Idaho Corporations Code, California Revised Uniform Limited Liability Company Act,  and Section 101.359 of the Texas Limited Liability Company Act, the following resolutions and each and every action effected thereby:

**WHEREAS**, the Governing Body of each Company has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of such Company regarding the liabilities and liquidity of such Company, the strategic alternatives available to it, and the impact of the foregoing on the Company' businesses; and

**WHEREAS**, the Governing Body of each Company has had the opportunity to consult with the management and the legal and financial advisors of such Company to fully consider each of the strategic alternatives available to such Company; and

**WHEREAS**, the Governing Body of each Company believes that taking the actions set forth below is in the best interests of the Company and, therefore, desires to approve the following resolutions.

## I.        Commencement of Chapter 11 Case

NOW, THEREFORE, BE IT RESOLVED, that the Governing Body of each Company has determined, after due consultation with the management and the legal and financial advisors of such Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and be it further

RESOLVED, that any manager, member, officer, or director of such Company (each, an "**Authorized Person**"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to execute and file in the name and on behalf of such Company, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and to take and perform any and all further acts and deeds which such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with such Company's chapter 11 case (each, a "**Chapter 11 Case**"), including negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and instruments in connection with the transactions and professional retentions set forth in this resolution, with a view to the successful prosecution of such Chapter 11 Case; and be it further

## II.       Retention of Advisors

RESOLVED, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, NY 10153, is hereby retained as attorneys for each Company in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that AlixPartners, LLC, located at 909 Third Avenue, New York, NY 10022, is hereby retained as financial advisor for each Company in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that Centerview Partners LLC, located at 31 West 52nd Street, 22nd Floor, New York, NY 10019, is hereby retained as investment banker for each Company in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that Young Conaway Stargatt & Taylor, LLP, located at 1000 North King Street, Wilmington, DE 19801, is hereby retained as attorneys for each Company in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that Prime Clerk LLC, located at 830 3rd Avenue, New York, NY 10022, is hereby retained as claims, noticing and solicitation agent for each Company in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

2

### III.    **Debtor-in-Possession Financing**

**RESOLVED**, that in connection with each Chapter 11 Case, it is in the best interest of each Company to engage in, and each Company will obtain benefits from, the lending transactions, under certain superpriority secured debtor-in-possession credit facilities in an aggregate principal amount of $155,000,000 consisting of (i) $75,000,000 to be evidenced by that certain Senior Secured Super Priority Debtor-in-Possession Term Loan Agreement (together with the Exhibits and Schedules annexed thereto, the "**DIP Term Loan Agreement**"), to be entered into by and among CTI Foods Holding Co., LLC ("CTI Foods Holding"), as borrower, the other Companies, as guarantors (the "**DIP Term Loan Guarantors**"), the lenders from time to time party thereto (the "**DIP Term Loan Lenders**"), and Cortland Capital Market Services LLC, as administrative agent and collateral agent for the DIP Term Loan Lenders (in such capacity, including any successor thereto, the "**DIP Term Loan Agent**") and (ii) $80,000,000 to be evidenced by that certain Senior Secured Super Priority Debtor-in-Possession Revolving Credit Agreement (together with the Exhibits and Schedules annexed thereto, the "**DIP ABL Credit Agreement**" and together with the DIP Term Loan Agreement, the "**DIP Credit Agreements**"), to be entered into by and among CTI Foods Holding and its subsidiary Companies, as borrowers (the "**DIP ABL Borrowers**"), the other Companies, as guarantors (the "**DIP ABL Guarantors**"), the lenders from time to time party thereto (the "**DIP ABL Lenders**" and together with the DIP Term Loan Lenders, the "**DIP Lenders**"), and Barclays Bank PLC, as administrative agent and collateral agent for the DIP ABL Lenders (in such capacity, including any successor thereto, the "**DIP ABL Agent**" and together with the DIP Term Loan Agent, the "**DIP Agents**"); in each case subject to approval by the Bankruptcy Court, which is necessary and appropriate to the conduct, promotion and attainment of the business of the Companies (the "**Debtor-in-Possession Financing**"); and be it further

**RESOLVED**, that the form, terms, and provisions of each of (i) the DIP Credit Agreements, including the use of proceeds to provide liquidity for the Companies throughout the Chapter 11 Cases, substantially in the form presented to each Governing Body and (ii) any and all of the other agreements, including, without limitation, any guarantee and security agreement, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the Debtor-in-Possession Financing (together with the DIP Credit Agreements, collectively, the "**DIP Financing Documents**"), and each Company's performance of its obligations thereunder, including the borrowings, the grant of a security interest and guarantees contemplated thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

**RESOLVED**, that any Authorized Person is hereby authorized, empowered, and directed, in the name and on behalf of each applicable Company to cause such Company to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the DIP Credit Agreements and any other DIP Financing Documents, in the name and on behalf of such Company under its corporate seal or otherwise, and such other documents, agreements, instruments and certificates as may be required by the DIP Agents or required by the DIP Credit Agreements and any other DIP Financing Documents; and be it further

RESOLVED, that each Company be, and hereby is, authorized to incur the obligations and to undertake any and all related transactions contemplated under the DIP Financing Documents, including the granting of security thereunder; and be it further

RESOLVED, that any Authorized Person is hereby authorized to grant security interests in, and liens on, any and all property of each applicable Company as collateral pursuant to the DIP Financing Documents to secure all of the obligations and liabilities of the Company thereunder to the DIP Lenders and the DIP Agents, and to authorize, execute, verify, file and/or deliver to the DIP Agents, on behalf of such Company, all agreements, documents, and instruments required by the DIP Lenders in connection with the foregoing; and be it further

RESOLVED, that any Authorized Person is hereby authorized, empowered, and directed, in the name and on behalf of each applicable Company to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Financing Documents, which shall, in such Authorized Person's sole judgment, be necessary, desirable, proper or advisable to perform such Company's obligations under or in connection with the DIP Credit Agreements or any of the other DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

RESOLVED, that any Authorized Person is hereby authorized, empowered, and directed, in the name and on behalf of each applicable Company to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreements and/or any of the DIP Financing Documents, which shall, in such Authorized Person's sole judgment, be necessary, desirable, proper or advisable; and be it further

## IV.    Exit Facility Financing

RESOLVED, that in connection with exiting the Chapter 11 Cases, it is in the best interest of each Company to engage in, and each Company will obtain benefits from, the guarantee of the lending transactions, under certain exit credit facilities in an aggregate principal amount of approximately $235,000,000 as described in (i) that certain Exit Facility Term Sheet (the "**Exit ABL Term Sheet**") annexed to that certain Restructuring Support Agreement entered into by each Company (the "**RSA**"), as authorized by each applicable Governing Body, on March 7, 2019, which will be evidenced by a certain credit agreement (together with the Exhibits and Schedules annexed thereto, the "**Exit ABL Credit Agreement**"), to be entered into by and among the DIP ABL Borrowers (in such capacity, the "**Exit ABL Borrowers**"), the guarantors party thereto, the lenders party thereto (the "**Exit ABL Lenders**"), and Barclays Bank PLC, in its capacity as administrative agent and collateral agent for the Exit ABL Lenders (in such capacity, including any successor thereto, the "**Exit ABL Administrative Agent**"), and (ii) that certain Exit Facility Term Sheet annexed to the RSA ("**Exit Term Loan Term Sheet**" and together with the Exit ABL Term Sheet, the "**Exit Term Sheets**"; capitalized terms used in this section with respect to exit facility financing and not otherwise defined herein shall have the meanings ascribed to such terms therein), which will be evidenced by a certain credit agreement (together with the Exhibits and Schedules annexed thereto, the "**Exit Term Loan Credit Agreement**"; and together with the Exit ABL Credit Agreement, the "**Exit Facility Credit Agreements**"), to be entered into by and among CTI Foods Holding (in such capacity, the "**Exit Term Loan Borrower**"), the guarantors party

thereto, the lenders party thereto (the "**Exit Term Loan Lenders**"), and Cortland Capital Markets Services LLC in its capacity as administrative agent and collateral agent for the Exit Term Loan Lenders (in such capacity, including any successor thereto, the "**Exit Term Loan Administrative Agent**"; and together with the Exit ABL Administrative Agent, the "**Exit Administrative Agents**"); in each case subject to approval by the Bankruptcy Court, which is necessary and appropriate to the conduct, promotion and attainment of the business of the Companies (the "**Exit Financing**"); and be it further

**RESOLVED**, that the form, terms and provisions of each of (i) the Exit Term Sheets, substantially in the form presented to each Governing Body and (ii) any and all of the other agreements, including, without limitation, the Exit Facility Credit Agreements, any guarantee and security agreement, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the Exit Financing (together with the Exit Facility Credit Agreements, collectively, the "**Exit Facility Financing Documents**") and each Company's performance of its obligations thereunder, including the grant of a security interest and the guarantees contemplated thereunder, are hereby, in all respects confirmed, ratified, and approved; and be it further

**RESOLVED**, that any Authorized Person is hereby authorized, empowered, and directed, in the name and on behalf of each applicable Company, to cause such Company to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the Exit Financing Documents to which it is a party, in the name and on behalf of the Company under its corporate seal or otherwise, and such other documents, agreements, instruments and certificates as may be required by the Exit Administrative Agent or required by the Exit Facility Credit Agreements and any other Exit Financing Documents; and be it further

**RESOLVED**, that each Company be, and hereby is, authorized to incur the obligations and to undertake any and all related transactions contemplated under the Exit Financing Documents, including the granting of security thereunder; and be it further

**RESOLVED**, that any Authorized Person is hereby authorized to grant security interests in, and liens on, any and all property of each applicable Company as collateral pursuant to the Exit Financing Documents to secure all of the obligations and liabilities of the Company thereunder to the Exit Lenders and the Exit Administrative Agent, and to authorize, execute, verify, file and/or deliver to each Exit Administrative Agent, on behalf of the Company, all agreements, documents and instruments required by the Exit Lenders in connection with the foregoing; and be it further

**RESOLVED**, that any Authorized Person is hereby authorized, empowered, and directed, in the name and on behalf of each applicable Company, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the Exit Financing Documents, which shall, in such Authorized Person's sole judgment, be necessary, desirable, proper or advisable to perform the Company's obligations under or in connection with the Exit Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

**RESOLVED**, that any Authorized Person is hereby authorized, empowered, and directed, in the name and on behalf of each applicable Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Exit Facility Credit Agreements and/or any of the Exit Facility Financing Documents which shall, in such Authorized Person's sole judgment, be necessary, desirable, proper or advisable; and be it further

## V.    General Authorization and Ratification

**RESOLVED**, that any Authorized Person, who may act without the joinder of any other Authorized Person, is hereby authorized, empowered, and directed, in the name and on behalf of each applicable Company, to cause such Company to enter into, execute, deliver, certify, file and/or record, and perform, such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions that in the judgment of any Authorized Person, who may act without the joinder of any other Authorized Person, shall be or become necessary, proper, or desirable in connection with the Chapter 11 Cases; and be it further

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Person in the name and on behalf of the applicable Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects as the acts and deeds of such Company; and be it further

**RESOLVED**, that the Secretary of each Company will file a copy of these resolutions with the minutes of the proceedings of the applicable Governing Body of each Company to document the actions set forth herein as actions taken by the Governing Body of each Company.

6

**IN WITNESS WHEREOF**, the undersigned, being the managing member of CHEF INVESTMENT, LLC, has executed this written consent as of the date set forth above.

**CHEF HOLDINGS, INC.**

By: _____
Name:   Jon Spiller
Title:   SVP General Counsel

**IN WITNESS WHEREOF**, the undersigned, being the sole and managing member of CTI FOODS ACQUISITION LLC, has executed this written consent as of the date set forth above.

**CHEF INVESTMENT, LLC**

By: _____

Name:   Jon Spiller

Title:    SVP General Counsel

**IN WITNESS WHEREOF**, the undersigned, being the sole and managing member of CTI FOODS HOLDING CO., LLC, has executed this written consent as of the date set forth above.

**CTI FOODS ACQUISITION LLC**

By: _____
Name:  Jon Spiller
Title:   SVP General Counsel

**IN WITNESS WHEREOF**, the undersigned, being the sole and managing member of CTI FOODS, LLC, has executed this written consent as of the date set forth above.

**CTI FOODS HOLDING CO., LLC**


By: _____
Name:   Jon Spiller
Title:    SVP General Counsel

**IN WITNESS WHEREOF**, the undersigned, being the sole member of the board of directors of CTI SERVICES CORPORATION, has executed this written consent as of the date set forth above.

Name:  Michael Buccheri

**IN WITNESS WHEREOF**, the undersigned, being the sole and managing member of CTI ARLINGTON, LLC, CTI SAGINAW I, LLC, CTI KING OF PRUSSIA, LLC, CTI-SSI FOOD SERVICES, LLC, S & S FOODS LLC, and CUSTOM FOOD PRODUCTS HOLDINGS, LLC, has executed this written consent as of the date set forth above.

**CTI FOODS, LLC**

By: _____

Name:    Jon Spiller

Title:    SVP General Counsel

**IN WITNESS WHEREOF**, the undersigned, being the sole and managing member of CUSTOM FOOD PRODUCTS, LLC, has executed this written consent as of the date set forth above.

**CUSTOM FOOD PRODUCTS HOLDINGS, LLC**

By: _____

Name:   Jon Spiler

Title:    SVP General Counsel

**IN WITNESS WHEREOF**, the undersigned, being the sole member of the board of directors of LIGURIA HOLDINGS, INC. and LIGURIA FOODS, INC., has executed this written consent as of the date set forth above.

Name: Michael Buccheri

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor name:</td><td>CTI Arlington, LLC</td></tr>
<tr><td>United States Bankruptcy Court for the</td><td>District of Delaware<br>(State)</td></tr>
<tr><td>Case number (If known):</td><td></td></tr>
</table>

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | California Employees Class Action c/o Mahoney Law Group, APC Attn:  Kevin Mahoney 249 East Ocean Boulevard, Suite 814 Long Beach, California 90802 | Attn:  Kevin Mahoney Phone: (562) 590-5550 Fax: (562) 590-8400 Email:  kmahoney@mahoney-law.net | Litigation | | | | $1,500,000.00 |
| 2 | Saratoga Food Specialties Attn:  Michael Marks 771 W. Crossroads Parkway Bolingbrook, Illinois 60490 | Attn:  Michael Marks Phone: (800) 451-0407 Fax: (630) 993-8732 Email:  info@saratogafs.com | Trade | | | | $914,124.83 |
| 3 | Darifair Foods, Inc. Attn:  Tim Helms 4131 Sunbeam Road Jacksonville, Florida 32257 | Attn:  Tim Helms Phone:  (904) 268-8999 Fax:  (904) 268-8666 Email:  sales@darifair.com | Trade | | | | $267,499.58 |
| 4 | Kapstone Container Corporation Attn:  Bob McIntosh 1000 Abernathy Road Atlanta, Georgia 30328 | Attn: Bob McIntosh Phone: (770) 448-2193 Fax: (866) 947-0710 Email: 1101CorporateAR@westrock.com | Trade | | | | $212,858.26 |
| 5 | Empacadora G.A.B. Attn: Javier Usabiaga A 9330 San Mateo Dr Laredo, Texas 78045 | Attn: Javier Usabiaga A Phone: (956) 727-0100 Fax: (956) 726-0079 Email: covemex@covemex.com | Trade | | | | $202,999.70 |
| 6 | La Monica Fine Foods Attn:  Michael A. Lavecchia 48 Gorton Road P.O. Box 309 Millville, New Jersey 08332 | Attn:  Michael A. Lavecchia Phone: (856) 825-8111 Fax: (856) 825-9354 Email: mlavecchia@lamonicafinefoods.com | Trade | | | | $183,532.40 |
| 7 | Kraft Foods Ingredients, Corp Attn:  Rashida La Lande 801 Waukegan Road Glenview, Illinois 60025 | Kraft Foods Ingredients, Corp Attn:  Rashida La Lande Phone:  (800) 458-8324 Fax:  (901) 381-6513 Email:  kfirfi@kraftheinzcompany.com | Trade | | | | $157,020.12 |
| 8 | Neil Jones Food Company Attn:  Brad Dean 1701 West 16th Street Vancouver, Washington 98666 | Attn:  Brad Dean Phone: (360) 696-4356 Fax: (360) 696-0050 Email: bradld@njfco.com | Trade | | | | $144,821.21 |

| Debtor | CTI Arlington, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9  Intelex Technologies, Inc. Attn:  Steve Johnson 70 University Avenue, Suite 800 Toronto, Ontario  M5J 2M4 Canada | Attn:  Steve Johnson Phone:  416-599-6009 Fax:  416-599-6867 Email:  intelex@intelex.com | Trade | | | | $137,606.18 |
| 10  Cryovac Inc. Attn:  Angel Willis 2415 Cascade Pointe Boulevard Charlotte, North Carolina 28208  Cryovac Inc. Attn:  Julia Putnam Building B 300 Rogers Bridge Road Duncan, South Carolina 29334 | Attn:  Angel Willis Phone:  (980) 430-7000; Email:  ted.doheny@sealedair.com  Attn:  Julia Putnam Phone:  (864) 433-3831 Email:  julia.putnam@sealedair.com | Trade | | | | $116,426.81 |
| 11  Firmenich, Inc. Attn:  Jane Sinclair 625 Madison Avenue, 17th Floor New York, New York 10022 | Attn:  Jane Sinclair Phone:  (212) 489-4800 Fax:  (212) 980-4312 Email:  info@firmenich.com | Trade | | | | $106,812.33 |
| 12  Eatem Foods Company Attn:  Danine Freeman 1829 Gallagher Drive Vineland, New Jersey 8360 | Attn: Danine Freeman Phone:  (800) 683-2836 Fax:  (856) 692-0847 Email:  sales@eatemfoods.com | Trade | | | | $98,436.00 |
| 13  Pietrini Contractors Inc. Attn:  Francis Pietrini 111 East Church Road King of Prussia, Pennsylvania 19406 | Attn:  Francis Pietrini Phone:  (610) 265-2110 Fax:  (610) 265-6068 Email:  EST@bpietrini.com | Trade | | | | $93,921.00 |
| 14  Boardman Foods Attn:  Brian Maag 71320 Columbia Blvd Boardman, Oregon 97818 | Attn:  Brian Maag Phone:  (541) 481-3000 Fax:  (801) 881-8999 Email:  contact@boardmanfoods.com | Trade | | | | $92,943.00 |
| 15  Dale T Smith & Sons Inc. Attn:  Darrell Smith 12450 South Pony Express Road Draper, Utah 84020 | Attn:  Darrell Smith Phone:  (801) 571-3611 Fax:  (801) 571-3685 Email:  darrell@smithmeats.com | Trade | | | | $89,285.40 |
| 16  WM. A.J. Shaeffer's Sons Inc. Attn:  Jerry Shaeffer 420 Drew Court King of Prussia, Pennsylvania 19406 | Attn:  Jerry Shaeffer Phone:  (610) 962-5500 Fax:  (610) 962-5533 Email:  gshaeffer@shaefferelectric.com | Trade | | | | $87,036.00 |
| 17  Grainger Attn:  John L. Howard 100 Grainger Pkwy Lake Forest, Illinois 60045 | Attn: John L. Howard Phone:  (847) 535-1000 Fax:  (847) 535-0878 Email:  feedback@ic.grainger.com | Trade | | | | $83,249.87 |
| 18  CS Beef Packers LLC Attn:  Jim Hargis 17365 S. Cole Rd. Kuna, Idaho 83634 | Attn:  Jim Hargis Phone:  (208) 810-7510 Fax:  (208) 810-7528 Email:  info@csbeef.com | Trade | | | | $82,672.90 |
| 19  Dickinson Frozen Foods, Inc. Attn:  Peter Reijula 1205 Iron Eagle Dr, Suite B Eagle, Idaho 83616 | Attn: Peter Reijula Phone:  (208) 452-5200 Fax:  (208) 452-5365 Email:  customerservice@df-foods.com | Trade | | | | $76,356.80 |

| Debtor | CTI Arlington, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20  ICL Specialty Products, Inc.<br>Attn:  Lisa Haimovitz<br>Millennium Tower, 23 Aranha St<br>Tel Aviv, 61070<br>Israel | Attn: Lisa Haimovitz<br>Phone:  972-3-684-4400<br>Fax:  972-3-684-4444<br>Email: contactus@icl-group.com | Trade | | | | $67,264.75 |
| 21  Smurfit Kappa Bates Specialty<br>Attn:  Brian Marshall<br>8212 Northeast Pkwy.<br>North Richland Hills, Texas 76182 | Attn:  Brian Marshall<br>Phone: (817) 498-3200<br>Fax:  (817) 581-8802<br>Email: jennifer.victory@smurfitkappa.com | Trade | | | | $67,010.52 |
| 22  Armstrong Transport Group Inc.<br>Attn:  Christopher Cobb<br>8210 University Executive Park<br>Drive, Suite 210<br>Charlotte, North Carolina 28262 | Attn:  Christopher Cobb<br>Phone: (877) 240-1181<br>Fax: (704) 784-3036<br>Email: info@armstrongtransport.com | Trade | | | | $66,495.62 |
| 23  Package Concepts & Materials<br>Attn:  Frank F. Khulusi<br>1023 Thousand Oaks Blvd.<br>Greenville, South Carolina 29607 | Attn: Frank F. Khulusi<br>Phone: (864) 458-7291<br>Fax:  (864) 458-7295<br>Email: sales@packageconcepts.com | Trade | | | | $66,150.00 |
| 24  Applied Ind Tech Inc.<br>Attn:  Fred D. Bauer<br>1 Applied Plaza<br>Cleveland, Ohio 44115 | Attn:  Fred D. Bauer<br>Phone: (216) 426-4000<br>Fax: (216) 426-4826<br>Email: questions@applied.com | Trade | | | | $65,864.29 |
| 25  Bongards Creameries<br>Attn:  Scott Tomes<br>250 Lake Drive East<br>Chanhassen, Minnesota 55317 | Attn:  Scott Tomes<br>Phone: (952) 277-5500<br>Fax: (952) 466-5556<br>Email: Scott.Tomes@bongards.com | Trade | | | | $64,836.45 |
| 26  Haven Sales and Marketing LLC<br>Attn:  Rodger Starnes<br>3101 SW I St, Suite# 67<br>Bentonville, Arizona 72712 | Attn:  Rodger Starnes<br>Phone: (479) 319-2440 | Trade | | | | $64,689.25 |
| 27  International Flavors & Fragrances<br>Attn:  Anne Chwat<br>521 West 57th Street<br>New York, New York 10019 | Attn:  Anne Chwat<br>Phone: (212) 765-5500<br>Fax: (212) 708-7132<br>Email: michael.deveau@iff.com | Trade | | | | $63,153.18 |
| 28  Expor San Antonio S A DE C V<br>c/o Expor San Antonio U.S.A.<br>Attn:  Rob Rickerby<br>500 Sun Valley Drive, Suite C-3<br>Roswell, Georgia 30076 | Attn:  Rob Rickerby<br>Phone: (770) 993-0030<br>Fax: (770) 993-0792<br>Email: robr@rfsltd.com | Trade | | | | $54,315.00 |
| 29  Oregon Potato Co.<br>Attn:  Frank Tiegs<br>650 E. Columbia Ave<br>Boardman, Oregon 97818 | Attn:  Frank Tiegs<br>Phone: (541) 481-2715<br>Fax: (541) 481-3443<br>Email: frank@ftiegs.com | Trade | | | | $52,830.60 |
| 30  The Andersons Inc.<br>Attn:  Patrick E. Bowe<br>1947 Briarfield Blvd.<br>P.O. Box 119<br>Maumee, Ohio 43537 | Attn: Patrick E. Bowe<br>Phone: (419) 893-5050<br>Fax: (419) 891-6672<br>Email: anne_rex@andersonsinc.com | Trade | | | | $52,619.21 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------- x
In re                                        :    Chapter 11
                                             :
CTI ARLINGTON, LLC                           :    Case No. 19– _____ (      )
                                             :
                                             :
                    Debtor.                  :
-------------------------------------------------------- x
```

### CONSOLIDATED CORPORATE OWNERSHIP STATEMENT PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007 AND 7007.1

Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(1) and 7007.1, attached hereto as **Exhibit A** is an organizational chart reflecting all of the ownership interests in CTI Foods, LLC and its affiliated debtors, as proposed debtors and debtors in possession (collectively, the "**Debtors**").  The Debtors respectfully represents as follows:

1.       Thomas H. Lee Equity Fund VI, L.P., Thomas H. Lee Parallel Fund VI, L.P., Thomas H. Lee Parallel (DT) Fund VI, L.P., Great-West Investors LP, Putnam Investments Employees' Securities Company II, LLC, THL Coinvestment Partners, L.P., and THL Operating Partners, L.P. collectively own 55.21% of the equity interests of Chef Holdings, Inc. and Broad Street Principal Investments, L.L.C., MBD 2013 Holdings, L.P., and Bridge Street 2013 Holdings, L.P. collectively own 39.10% of the equity interests of Chef Holdings, Inc.  To the best of the Debtors' knowledge and belief, no other person or entity directly owns 10% or more of Chef Holdings, Inc.'s common stock.

2.       Chef Holdings, Inc. directly owns 100% of the equity interests in Chef Intermediate, Inc.

3.       Chef Intermediate, Inc. directly owns 100% of the equity interests in CTIF Holdings, Inc.

4.        CTIF Holdings, Inc. directly owns 95.25% of the membership interests in Chef Investment, LLC, and Chef Holdings, Inc. directly owns 4.75% of the membership interests in Chef Investment, LLC.[1]

5.        Chef Investment, LLC directly owns 100% of the membership interests in CTI Foods Acquisition LLC.

6.        CTI Foods Acquisition LLC directly owns 100% of the membership interests in CTI Foods Holding Co., LLC.

7.        CTI Foods Holding Co., LLC directly owns 100% of the membership interests or equity interests, as applicable, of:

    a.   CTI Foods, LLC; and

    b.   CTI Services Corporation.

8.        CTI Foods, LLC directly owns 100% of the membership interests or equity interests, as applicable, of:

    c.   CTI Arlington, LLC;

    d.   CTI Saginaw I, LLC;

    e.   CTI King of Prussia, LLC;

    f.   CTI-SSI Food Services, LLC;

    g.   S & S Foods LLC;

    h.   Custom Food Products Holdings, LLC; and

    i.   Liguria Holdings, Inc.

---

[1] Certain non-Debtor individuals hold non-voting "Profit Units" in Chef Investment, LLC, but all Preferred Units and Common Units are held by Chef Holdings, Inc. and CTIF Holdings, Inc.

9.      Custom Food Products Holdings, LLC directly owns 100% of the membership interests of Custom Food Products, LLC.

10.      Liguria Holdings, Inc. directly owns 100% of the equity interests of Liguria Foods, Inc.

## **Exhibit A**

**Organizational Chart**



**Fill in this information to identify the case:**

Debtor name: CTI Arlington, LLC

United States Bankruptcy Court for the District of Delaware

(State)

Case number (*If known*):

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors                 12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐  Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐  Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐  Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐  Schedule H: Codebtors (Official Form 206H)

☐  Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐  Amended Schedule _____

☑  Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☑  Other document that requires a declaration Consolidated Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  March 11, 2019          ✗  /s/ Kent Percy

MM / DD /YYYY                              Signature of individual signing on behalf of debtor

Kent Percy

Printed name

Chief Restructuring Officer

Position or relationship to debtor